

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Sriyono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sriyono v. Atty Gen USA" (2007). *2007 Decisions.* Paper 725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2084

NACHUM SRIYONO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

ON PETITION OF REVIEW OF AN ORDER OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(BIA No. A96-203-761)
Immigration Judge:  Charles M. Honeyman

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007

Before:   SLOVITER, WEIS and ROTH, Circuit Judges.

(Filed: July 19, 2007)

OPINION

WEIS, Circuit Judge.

        Petitioner is a citizen of Indonesia who overstayed his authorization to

remain in the United States.  He untimely sought asylum and applied for withholding of

1

removal and relief under the Convention Against Torture, alleging he was persecuted because he is a Javanese Christian.

The IJ and BIA found no extraordinary circumstances that would excuse the petitioner's failure to apply for asylum within the applicable one-year period. As it does not present a constitutional claim or a question of law, we lack jurisdiction to review that finding. See Jarborough v. Attorney General, 483 F.3d 184, 188-89 (3d Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)).

Petitioner asserts that he is eligible for withholding of removal because he suffered past persecution and that persecution has a clear probability of being repeated if he is returned to Indonesia.

Petitioner stated that he left Indonesia because he and his wife were generally disliked and were isolated from family and neighbors because of their religion. He left during the chaos and riots surrounding the general elections in 1998 and 1999. He alleged that local inhabitants threw stones at his house periodically during that time because he was a Christian. He also described an automobile accident that occurred during a riot in 1996 when another driver intentionally hit the rear of his vehicle because he had a cross hanging from the rearview mirror. The police arrived at the scene of that incident and found the other driver at fault for the accident.

The IJ and the BIA concluded that petitioner had failed to establish past persecution or the clear probability of future persecution required to show eligibility for withholding of removal. See Gabuniya v. Attorney General, 463 F.3d 316, 321 (3d Cir.

2

2006). We agree that the relatively minor and isolated incidents that petitioner describes are not sufficiently severe to constitute persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that random acts of robbery and assault resulting in minor injuries cannot be characterized as acts of persecution). Nor has petitioner shown that these incidents are the result of governmental action or acquiescence. Id. at 537. In the case of the vehicle accident, the only incident directly implicating governmental action, the police acted in the petitioner's favor by finding the other driver at fault.

Finally, the additional record evidence does not compel us to overturn the IJ's and the BIA's finding that there is no individualized risk of persecution of petitioner or a pattern or practice of persecution against Javanese Christians. The alleged incidents of discrimination and violence against Christians are not widespread enough to satisfy the petitioner's burden here, id. at 537-38, and are offset by country reports of a reduction in violence and an increase in inter-religious cooperation.

Our review of the record reveals no grounds for withholding of removal. Accordingly, the petition will be denied.